FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES FAIRE and ANGELA FAIRE, a marital community, | No. 2:20-CV-00337-SAB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT** |
| OKANOGAN COUNTY, WASHINGTON; KARL SLOAN, in his professional capacity; KREG SLOAN, in his personal and professional capacity; BRANDEN PLATTER, in his professional capacity; and FRANK ROGERS, in his personal and professional capacity, | |
| Defendants. | |

Before the Court are Defendants Karl Sloan and Branden Platter's Motion to Dismiss Under Fed. R. Civ. P. 12(C), ECF No. 35; Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion for Summary Judgment Dismissal, ECF No. 36; and Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion to Exclude Testimony of Gregory Gilbertson, ECF No. 55.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 1**

The Court held a videoconference hearing on these motions on March 30, 2021. Plaintiffs were represented by Breann Beggs and Mary Dillon, both of whom appeared by video—Mr. Beggs presented arguments on behalf of Plaintiffs. Defendants Karl Sloan and Braden Platter were represented by Brian Baker, who appeared by video. Defendants Okanogan County, Kreg Sloan, and Frank Rogers were represented by Chris Browning and Paul Kirkpatrick, both of whom appeared by video—Mr. Kirkpatrick presented arguments on behalf of Defendants.

The Court took the motions under advisement. Having reviewed the briefing, the parties' arguments, and the caselaw, the Court denies the Motion to Dismiss and the Motion for Summary Judgment and dismisses the Motion to Exclude as moot.

### Facts

The following facts are drawn from Plaintiffs' Complaint, ECF No. 1, and the parties' respective Statements of Material Facts, ECF Nos. 37, 43.

Back in 2014, Plaintiffs James and Angela Faire—a husband and wife—were friends with Richard Finegold and his girlfriend, Michelle St. Pierre. At the time, Mr. Finegold and Ms. St. Pierre resided at Mr. Finegold's property on Sourdough Rd. in Tonasket, Washington. But when Ms. St. Pierre was diagnosed with breast cancer in spring of 2014, Mr. Finegold and Ms. St. Pierre moved to Stanwood, Washington, where Ms. St. Pierre had a home and where they believed she could receive the best medical care. After Ms. St. Pierre's diagnosis, Plaintiffs started a GoFundMe campaign to help raise money for Ms. St. Pierre's medical bills and living expenses. During the winter of 2014, Plaintiffs also made several trips between Tonasket and Stanwood to bring Mr. Finegold and Ms. St. Pierre items from the Sourdough Rd. property.

But in 2015, the friendship between Plaintiffs and Mr. Finegold began to sour. For one, Mr. Finegold became suspicious of where the GoFundMe donations were going after he discovered a disparity between the amount of money he had

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 2**

received and the amount of money listed as received on the website. Additionally, after Ms. St. Pierre passed away on June 15, 2015 and Mr. Finegold returned to the Sourdough Rd. property, he discovered a significant number of unauthorized personal items in the house belonging to Plaintiffs. Plaintiffs insist, however, that they had been storing their belongings at the Sourdough Rd. property with Mr. Finegold's knowledge and consent.

On June 18, 2015, Mr. Finegold and several of his friends—Debra Long, George Abrantes, Michael St. Pierre, and Ruth Brooks (collectively, "the Group")—drove over to the Sourdough Rd. property. After they arrived, Mr. Finegold reported to Deputy Petker of the Okanogan County Sheriff's Office that Plaintiffs had been squatting at the residence without his permission. Deputy Petker instructed Mr. Finegold to call 911 if Plaintiffs returned to the property. That same day, Plaintiffs also drove over to the Sourdough Rd. property accompanied by Boyd McPherson, a day laborer they had hired to help move their belongings.

When Plaintiffs arrived, they allege that the Group emerged from the bushes and ambushed them. Plaintiffs allege that Mr. Abrantes rushed towards them holding a large metal padlock swinging from a two-foot chain and that the Group was screaming obscenities and threats, so Plaintiffs retreated into their vehicle. As the Group continued to surround and attack the vehicle, Plaintiffs attempted to drive away. Tragically, in doing so, their vehicle struck and killed Ms. Long and seriously injured Mr. Abrantes. After Plaintiffs had left the property, they called 911, reporting that they had been ambushed by an unknown man swinging a lock and chain and that they would remain at the Junction, a gas station, to wait for law enforcement.

Later that afternoon, Defendant Detective Kreg Sloan ("Detective Sloan"), a Sheriff's Deputy for Okanogan County, learned of the confrontation between Plaintiffs and the Group and was informed about the resulting injuries and death.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 3**

After reviewing Plaintiffs' 911 call, Detective Sloan went to the Junction to interview the Plaintiffs. Plaintiff James Faire told Detective Sloan that he and his wife had been heading to the Sourdough Rd. property to retrieve some of their belongings when they were ambushed. He also said that he had seen the male attacker go down when he backed up his vehicle but did not see the woman attacker. Detective Sloan noted that Plaintiffs' vehicle showed signs of damage consistent with it being physically attacked. He also noted that Plaintiff James Faire's driver's license was issued on December 11, 2014 and listed the Sourdough Rd. property as his address.

Detective Sloan then went to go visit the Sourdough Rd. property to investigate the scene of the incident. After obtaining a search warrant for the property and taking witness statements, Detective Sloan inspected Ms. Long's body—he noted that she had dual wheel tire impressions on both sides of her and that there was glass near the body consistent with a broken driver's side mirror. Detective Sloan also found a cell phone on the ground near the body, seemingly belonging to Ms. Long, and a Colt 45 handgun, which he assumed belonged to Plaintiffs. He collected both of these items into evidence. Finally, Detective Sloan learned from the other investigating deputies that (1) the undercarriage of Plaintiffs' vehicle had hair consistent with the wig found next to Ms. Long's body and (2) the search warrant of the property had turned up numerous items belonging to Plaintiffs, including receipts and other personal property. Detective Sloan then completed probable cause statements for Plaintiffs and arrested them on charges of First-Degree Murder and First-Degree Assault. When Plaintiffs made their initial appearances in court the next day on June 19, 2015, the prosecutors declined to charge murder and assault and instead charged trespassing and theft. The court found probable cause for the charges and the prosecutor filed a criminal information for Plaintiffs.

//

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 4**

Within twenty hours after the incident, Defendant Okanogan County Sheriff Frank Rogers ("Sheriff Rogers") spoke to television news. Sheriff Rogers reported that the incident happened when Mr. Finegold had returned to his Tonasket property after a few months away and discovered that Plaintiffs had moved in without his permission. Sheriff Rogers also reported that the confrontation was instigated by Mr. Finegold and his friends confronting Plaintiffs, but that it escalated when Plaintiff James Faire pulled out a gun and got into his vehicle. Finally, Sheriff Rogers reported that Mr. Abrantes and Ms. Long approached Plaintiff James Faire in his vehicle, but he ran them over with his vehicle twice. Plaintiffs allege that Sheriff Rogers has never retracted or clarified these statements.

Later that afternoon on June 19, 2015, Detective Sloan was forwarded some emails that indicated that Mr. Finegold had in fact given Plaintiffs permission to store their belongings on the property and to look after the residence while he was away. Additionally, during a telephone call with Mr. Abrantes on June 23, 2015, Detective Sloan learned that the phone he collected next to Ms. Long's body was actually Mr. Abrantes' phone, not Ms. Long's.

Plaintiffs allege that Defendant Okanogan County had a "phone dump" procedure—specifically, that detectives were instructed to collect all phones from a crime scene, extract and examine the data collected from the phones, and then return the phones to their owners. Here, on June 23, 2015, Detective Sloan obtained a search warrant for Mr. Abrantes' phone and extracted the data, which he saved on his work laptop. But Detective Sloan did not examine the data before contacting Defendant Prosecuting Attorney for Okanogan County Karl Sloan ("Prosecutor Sloan") on June 24, 2015 to request permission to return the phone to Mr. Abrantes. Prosecutor Sloan agreed and Detective Sloan returned Mr. Abrantes' phone via FedEx, along with a letter and an air bill. Detective Sloan also learned that Ms. Long's actual phone had originally been collected by her sister but was

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 5**

now in Ms. Long's husband's possession—thus, Detective Sloan requested that Mr. Long ship the phone to him as evidence.

On June 26, 2015, Detective Sloan learned that Boyd McPherson—the day laborer who had accompanied Plaintiffs to the Sourdough Rd. residence the day of the incident—had witnessed the entire confrontation. Plaintiffs allege that Mr. McPherson had been in his truck next to Plaintiffs at the Junction on June 18, but that Detective Sloan did not ask to interview Mr. McPherson at that time. During his June 29, 2015 interview, Mr. McPherson told the detectives that he did not see Ms. Long's death, but he did see a woman with a phone who appeared to be taking video of the incident while it was happening. Mr. McPherson also allegedly told detectives that the video would show that Plaintiffs acted in self-defense. On June 30, 2015, Detective Sloan received Ms. Long's phone via FedEx. He then obtained both a search warrant and the phone's pass code. On July 14, 2015, Detective Sloan extracted the data from Ms. Long's phone and once again saved it on his work laptop without examining the data. Unlike with Mr. Abrantes' phone, Detective Sloan did not take any actions to return Ms. Long's phone to her husband.

On July 19, 2015, Detective Sloan completed his first police report regarding the incident, which contained information about both the return of Mr. Abrantes' phone and the seizure of Ms. Long's phone, and sent it to the prosecutors. Additionally, on August 6, 2015, Nicolas Blount, Plaintiff James Faire's appointed defense counsel—who was not an Okanogan County employee, but rather was contracted from a private law firm—was notified of the return of the Abrantes phone and received a copy of Detective Sloan's letter to Mr. Abrantes. Mr. Blount was taken off his case after only a few weeks. Plaintiff James Faire was subsequently assigned a series of new attorneys, all of whom he alleges failed to adequately communicate with him or to seek bail reduction or dismissal of charges.

//

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 6**

On August 12, 2015, Detective Sloan attempted for the first time to view the data he had extracted from Plaintiffs' phones, Ms. Long's phone, and Mr. Abrantes' phone. While the data was being backed up, Detective Sloan's work laptop suddenly became infected with ransomware, potentially stemming from one of the data extractions. Though Detective Sloan immediately called IT for help, neither he nor IT were able to recover any of the data from the Faire investigation. Detective Sloan still had Ms. Long's phone and Plaintiffs' phones in his possession, but he made no attempts to regain possession of Mr. Abrantes' phone or to notify Plaintiffs' defense counsel about the data loss.

On March 16, 2016, as part of their investigation, Plaintiff James Faire's defense team conducted an interview with Ms. Brooks, which was recorded. When Detective Sloan reviewed Ms. Brooks' interview, he learned that Ms. Brooks had attempted to record the confrontation with Mr. Abrantes' phone and was likely the woman that Mr. McPherson described as filming the incident. In the interview, Ms. Brooks stated that she was unable to get the phone to record and thus believed that she did not successfully take video. Additionally, when Plaintiff James Faire's defense team deposed both Mr. St. Pierre and Mr. Abrantes in March 2016, both men indicated that no video of the incident was recorded. But Mr. Abrantes also admitted to deleting content from his phone after receiving it back from Detective Sloan, including text messages to and from several of the individuals present during the confrontation.

In summer of 2017, Prosecutor Sloan resigned from his position and was replaced by Defendant Prosecuting Attorney for Okanogan County Branden Platter ("Prosecutor Platter"). On January 23, 2018, Prosecutor Platter voluntarily reduced the charges against Plaintiff James Faire to vehicular homicide and vehicular assault. On March 26, 2018, Prosecutor Platter voluntarily dismissed the trespass charge against Plaintiff Angela Faire and transferred the theft charge to Snohomish County. Because Snohomish County declined to prosecute, all criminal charges

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 7**

against Plaintiff Angela Faire were subsequently dismissed.

On March 28, 2018, Detective Sloan met with Stephen Pidgeon—Plaintiff James Faire's privately hired defense attorney—and Prosecutor Platter. During this meeting, Mr. Pidgeon requested to view both Ms. Long's and Plaintiff James Faire's phones. On April 23, 2018, Prosecutor Platter asked Detective Sloan about whether Ms. Long's and Mr. Abrantes' phones had ever been searched and Detective Sloan told him—apparently for the first time—about the lost data from the ransomware attack. Detective Sloan stated that he could perform another data extraction on Ms. Long's phone as this phone was still in his possession, which he did on April 25, 2018.

On April 30, 2018, Mr. Pidgeon filed a Motion to Dismiss in Okanogan Superior Court. On July 12, 2018, Judge Christopher Culp granted the motion and dismissed all remaining charges against Plaintiff James Faire with prejudice. Specifically, Judge Culp found that—because Detective and Prosecutor Sloan arbitrarily decided to return Mr. Abrantes' phone without first consulting Plaintiff James Faire's defense team; did not run an extraction report prior to returning the phone; did not attempt to remedy the loss of data from the ransomware attack; and did not report the loss of data until nearly three years later—Plaintiff James Faire's right to a fair trial was violated and dismissal of the charges was necessary.

The County appealed Judge Culp's dismissal, but while the appeal was pending, Okanogan County elected a new Prosecuting Attorney, Arian Noma ("Prosecutor Noma"). However, Prosecutor Noma discovered that he had a legal conflict with the appeal, so he appointed a special deputy prosecuting attorney from Yakima County to handle the appeal of Plaintiffs' case. The Yakima County prosecutor then requested review of the appeal by the Washington Association of Prosecuting Attorneys ("WAPA"). Upon review, the WAPA workgroup assigned to the case filed a Voluntary Motion to Withdraw the Appeal because they believed it was unlikely that Okanogan County could succeed on disproving Plaintiff James

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 8**

Faires' claim of self-defense. Okanogan County was allowed to voluntarily withdraw its appeal on July 9, 2019.

After Plaintiffs were taken into custody on June 18, 2015, Plaintiff Angela Faire was released from jail four days later on a $5,000 bond. Plaintiff James Faire, on the other hand, was not released from jail until February 19, 2016, when his bail was reduced to $150,000 and he was able to bond out. Plaintiff Angela Faire's criminal charges were dismissed on March 26, 2018. Plaintiff James Faire's criminal charges were dismissed on July 12, 2018.

Plaintiffs allege that they have suffered serious consequences as a result of their ordeal. For example, Plaintiff James Faire alleges that—from June 18, 2015 to December 23, 2015—he was not permitted to have any contact with his wife and that, even after his release in February 2016, he was still placed on Electronic Home Monitoring until October 28, 2016. Plaintiff James Faire also developed a wisdom tooth infection while in custody, for which he alleges he received inadequate treatment and which required extensive oral surgery to repair after he was released. Finally, Plaintiffs allege that they have experienced significant physical, mental, financial, and reputational harm from the confrontation itself, the criminal proceedings, and the resulting public scrutiny.

**Procedural History**

Plaintiffs filed their Complaint in the Western District of Washington on June 19, 2020. ECF No. 1. Plaintiffs alleged the following claims: (1) violations of their Fourth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (both individually and pursuant to a theory of *Monell* liability); (2) malicious prosecution; and (3) negligent law enforcement practices. Defendants then filed a Motion and Memorandum of Authorities to Change Venue on August 3, 2020. ECF No. 16. Defendants argued that the Eastern District of Washington was the proper venue for Plaintiffs' claims because all of the events forming the basis of Plaintiffs' claims occurred in the Eastern District and the majority of additional

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 9**

witnesses for the case would likely reside there. *Id.* Judge Thomas Zilly of the Western District of Washington granted the motion on September 3, 2020, and the case was transferred to this Court. ECF Nos. 28, 30.

On October 23, 2020, the Court issued a Jury Trial Scheduling Order, setting a jury trial in this case for January 31, 2022. ECF No. 34. On January 22, 2021, Defendants Branden Platter and Karl Sloan filed their Motion to Dismiss. ECF No. 35. On January 25, 2021, Defendants Okanogan County, Frank Rogers, and Kreg Sloan filed their Motion for Summary Judgment. ECF No. 36. Defendants Okanogan County, Frank Rogers, and Kreg Sloan then filed their Motion to Exclude Testimony of Gregory Gilbertson on March 1, 2021, along with an associated Motion to Expedite so that the motion could be heard on the same day as the other pending motions. ECF Nos. 55, 57.

## Defendants' Karl Sloan and Branden Platter's Motion to Dismiss under Fed. R. Civ. P. 12(C)

Defendants Karl Sloan and Branden Platter ("Prosecutors Sloan and Platter") request that the Court dismiss the claims in Plaintiffs' Complaint against them. Specifically, Defendants argue that Washington courts have determined that, when county prosecutors take actions related to the prosecution of state law, they are acting as state officials. Because Prosecutors Sloan and Platter's complained-of actions were all taken as part of prosecuting state law, Defendants argue that Plaintiffs' federal and state law claims are barred by the Eleventh Amendment.[1]

---

[1] Defendants also request that the Court dismiss Plaintiffs' claims against Prosecutors Sloan and Platter in their individual capacities as barred by absolute prosecutorial immunity. But Plaintiffs have specifically stated that they are not bringing any claims against Prosecutors Sloan and Platter in their individual capacities. ECF No. 41 at 11. Thus, Defendants' request is moot.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 10**

In response, Plaintiffs argue that their claims are not barred by the Eleventh Amendment. Specifically, they argue that *Whatcom Cty. v. State*, 99 Wash. App. 237 (2000), the case that Defendants cite, is inapposite and that the Court should instead follow Judge Zilly's holding in *Ira Stohl v. David McEachran*, C95-249Z (W.D. Wash. April 10, 1997), which concluded that elected county prosecutors still act as county officials even when they represent the state in criminal prosecutions. Additionally, they argue that Prosecutors Sloan and Platter acted as county officials because they were final policymaking officials and their actions constituted policymaking sufficient to establish municipal liability.

<u>Legal Standard</u>

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), the Court can grant judgment on the pleadings when—accepting all factual allegations in the complaint as true—there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). The Ninth Circuit has stated that the Rule 12(c) standard is "substantially identical" to the Rule 12(b)(6) standard. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotations and citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 11**

Discussion

Plaintiffs assert both federal and state law claims against Prosecutors Sloan and Platter in their official capacities. For the federal law claims, Plaintiffs allege violations of their Sixth Amendment, Fourteenth Amendment due process, and Fourth Amendment rights. Specifically, Plaintiffs allege that Prosecutors Sloan and Platter prosecuted Plaintiffs without adequate investigation; directed Detective Sloan to return Mr. Abrantes' phone without first verifying whether the evidence had been fully secured; failed to provide timely disclosures of exculpatory evidence; failed to notify defense counsel about the loss of exculpatory evidence; appealed the dismissal of Plaintiff James Faire's criminal charges; and caused Plaintiffs' liberty to be dramatically restricted during their criminal cases.

As for the state law claims, Plaintiffs allege malicious prosecution and negligent law enforcement practices. Specifically, Plaintiffs allege that Prosecutors Sloan and Platter maliciously continued to prosecute Plaintiffs, despite witness statements supporting that they were acting in self-defense, and fell below the duty of reasonable care by prematurely directing Detective Sloan to return Mr. Abrantes' phone.

Because Plaintiffs are suing Prosecutors Sloan and Platter for damages, under the Eleventh Amendment, Plaintiffs can only proceed with their federal claims if Prosecutors Sloan and Platter were acting as county officials. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, Plaintiffs can also only proceed with their state law claims if Prosecutors Sloan and Platter were acting as county officials because the Eleventh Amendment prohibits plaintiffs from suing state officials for violations of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Thus, the viability of both Plaintiffs' federal and state law claims depends on whether Prosecutors Sloan and Platter were acting as county officials or as state officials.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 12**

The Court finds that Plaintiffs' claims are not barred by the Eleventh Amendment. *Whatcom County* involved a county prosecutor suing the State of Washington for a declaratory judgment ordering the state to indemnify him for acts he engaged in while prosecuting violations of state law. *Whatcom Cty. v. State*, 99 Wash. App. 237 (2000). Though the Washington Court of Appeals did state that the county prosecutor was acting as a state officer when prosecuting state law, the Court held this specifically in the context of deciding whether the county prosecutor was entitled to a defense and indemnification from the state. *Id.* at 250 ("Thus, we hold that Graham is a 'state officer' or 'state employee' . . . entitling him to defense and indemnification from the State."). Conversely, *Stohl* involved a case quite similar to this one, where the plaintiffs sued a county prosecutor for violating their constitutional rights by threatening them with criminal prosecution and then subsequently prosecuting them. ECF No. 41-1 at 1-2. In *Stohl*, Judge Zilly concluded that because county prosecutors have final policymaking authority for counties in the area of criminal prosecutions, even when they are prosecuting violations of state law, their actions can create municipal liability. *Id.* at 3, 6. The Court agrees with Judge Zilly's reasoning and thus finds that Prosecutors Sloan and Platter were acting as final policymakers for Okanogan County when prosecuting Plaintiffs. Therefore, the Court denies Defendants' motion.

### Defendants' Okanogan County, Kreg Sloan, and Frank Rogers' Motion for Summary Judgment Dismissal

Defendants Kreg Sloan ("Detective Sloan"), Frank Rogers ("Sheriff Rogers"), and Okanogan County request that the Court grant summary judgment in their favor and dismiss Plaintiffs' claims against them on several grounds: (1) Detective Sloan and Okanogan County did not violate Plaintiffs' federal due process rights by returning the Abrantes phone because the phone's alleged exculpatory value was not apparent and Plaintiffs had access to similar evidence from other sources; (2) Okanogan County did not violate Plaintiffs' state and

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 13**

1   federal rights against malicious prosecution because there was probable cause to

2   arrest and incarcerate Plaintiffs, which cannot be negated by a later claim of self-

3   defense; (3) Okanogan County is not liable for the actions of Prosecutors Sloan and

4   Platter because they were acting as state officials; (4) Okanogan County is not

5   liable for the actions of independent criminal defense attorneys; (5) Plaintiffs'

6   claims against Sheriff Rogers are barred by the statute of limitations; and (6)

7   Washington courts do not recognize state law negligent investigation. ECF No. 36

8   at 6-21.

9        In response, Plaintiffs argue that the Court should deny Defendants' motion.

10  First, Plaintiffs argue that there are genuine disputes of material fact regarding (1)

11  whether Detective Sloan knew about the exculpatory value of the Abrantes phone,

12  whether his failure to timely review the data extracted from the phone rose to the

13  level of bad faith, and whether Plaintiffs had access to similar evidence from

14  comparable sources; and (2) whether probable cause existed for the entirety of

15  Plaintiffs' prosecution and whether Defendants acted with reckless disregard of

16  Plaintiffs' rights sufficient to support a malicious prosecution claim. ECF No. 42 at

17  2-12. Second, Plaintiffs argue that Okanogan County is liable for the actions of

18  both Prosecutors Sloan and Platter and their contracted public defenders, as well as

19  for any actions that led to Plaintiff James Faire receiving inadequate medical care

20  while in custody. *Id.* at 13-16, 19. Finally, Plaintiffs argue that Washington courts

21  recognize negligent law enforcement practices claims, even when the alleged

22  negligent actions occurred during a police investigation. *Id.* at 16-19.

23                                    Legal Standard

24       Summary judgment is appropriate "if the movant shows that there is no

25  genuine dispute as to any material fact and the movant is entitled to judgment as a

26  matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless

27  there is sufficient evidence favoring the non-moving party for a jury to return a

28  verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR
SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS
MOOT # 14**

(1986). An issue of material fact is genuine "if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (internal citation omitted). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

<u>Discussion</u>

There are too many genuine disputes of material fact for summary judgment to be appropriate at this time. Specifically, there are genuine disputes of material fact regarding whether Detective Sloan acted in bad faith with regard to the Abrantes phone; whether Plaintiffs could obtain comparable evidence to the Abrantes phone data by reasonably available means; and whether Defendants subjected Plaintiffs to malicious prosecution. Moreover, there are genuine disputes of material fact regarding whether Okanogan County is liable for the actions of the

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 15**

contracted public defenders it appointed to represent Plaintiff James Faire in his criminal case. *See Miranda v. Clark Cty., Nevada*, 319 F.3d 465, 471 (9th Cir. 2003); *see also Wilbur v. City of Mount Vernon*, 989 F. Supp. 2d 1122, 1132-33 (W.D. Wash. 2013) (stating that a county can be liable for violating a criminal defendant's Sixth Amendment right to adequate counsel if the county's policies and procedures governing its indigent public defense system are such that they amount to deliberate indifference to constitutional rights). Thus, the Court denies Defendants' motion.

### Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion to Exclude Testimony of Gregory Gilbertson

Defendants Detective Sloan, Sheriff Rogers, and Okanogan County request that the Court exclude parts of the Declaration of Gregory Gilbertson, ECF No. 46, which Plaintiffs submitted to support their opposition to summary judgment dismissal. Specifically, Defendants argue that the Court should exclude the portions of Mr. Gilbertson's expert report that offer inadmissible legal conclusions on the ultimate issues in the case; that offer inadmissible opinions regarding the credibility of witnesses; and that lack an adequate foundation. ECF No. 55 at 2-11.

Because the Court did not rely on Mr. Gilbertson's expert report in reaching its ruling, the Court dismisses the motion as moot. But going forward, the Court notes that it is generally appropriate for law enforcement experts to testify about police training, practices, and procedures, but that it is generally inappropriate for them to testify about the existence of probable cause or witness credibility.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendants Karl Sloan and Branden Platter's Motion to Dismiss Under Fed. R. Civ. P. 12(C), ECF No. 35, is **DENIED**.

2.    Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion for Summary Judgment Dismissal, ECF No. 36, is **DENIED**.

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 16**

3.      Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion to Exclude Testimony of Gregory Gilbertson, ECF No. 55, is **DISMISSED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 5th day of May 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; DISMISSING MOTION TO EXCLUDE AS MOOT # 17**