FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES FAIRE and ANGELA FAIRE, a marital community,<br><br>    Plaintiffs,<br><br>    v.<br><br>OKANOGAN COUNTY, WASHINGTON; KARL SLOAN, in his professional capacity; KREG SLOAN, in his personal and professional capacity; BRANDEN PLATTER, in his professional capacity; and FRANK ROGERS, in his personal and professional capacity,<br><br>    Defendants. | No. 2:20-CV-00337-SAB<br><br>**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS** |

    Before the Court are Defendants Okanogan County, Kreg Sloan, and Frank Rogers' Motion for an Order Pursuant to 28 U.S.C. §1292(b) Granting Permission to Appeal, ECF No. 67, and Defendants' Motion to Stay Proceedings Pending Appeal, ECF No. 73.

    These motions were considered without oral argument. Plaintiffs are represented by Breean Beggs and Mary Dillon. Defendants are represented by

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 1**

Christopher Browning, Paul Kirkpatrick, and Brian Baker. Having reviewed the briefing and the caselaw, the Court denies the motions.

## Facts

The following facts are drawn from Plaintiffs' Complaint, ECF No. 1, and the parties' previous submission of facts on this matter, ECF Nos. 37, 43.

In 2014, Plaintiffs James and Angela Faire—a husband and wife—were friends with Richard Finegold and his girlfriend, Michelle St. Pierre. At the time, Mr. Finegold and Ms. St. Pierre resided at Mr. Finegold's property on Sourdough Rd in Tonasket, Washington. When Ms. St. Pierre was diagnosed with breast cancer in spring of 2014, Mr. Finegold and Ms. St. Pierre moved to Stanwood, Washington. After Ms. St. Pierre passed away on June 15, 2015, Mr. Finegold returned to the Sourdough Rd property. He alleges that, upon his return, he discovered a significant number of unauthorized personal items in the house belonging to the Faires. However, the Faires instead allege that they had been storing their belongings at the Sourdough Rd property with Mr. Finegold's knowledge and consent.

On June 18, 2015, Mr. Finegold and several of his friends—Debra Long, George Abrantes, Michael St. Pierre, and Ruth Brooks (collectively, "the Group")—drove over to the Sourdough Rd property to wait for the Faires. When the Faires returned to the property, they allege that the Group emerged from the bushes and ambushed them. As the Group continued to surround and attack the vehicle, the Faires retreated into their vehicle and attempted to drive away. However, in doing so, their vehicle struck and killed Ms. Long and seriously injured Mr. Abrantes.

Later that afternoon, Defendant Detective Kreg Sloan ("Detective Sloan"), a Sheriff's Deputy for Okanogan County, interviewed the Faires and then visited the Sourdough Rd property. During his investigation, Detective Sloan found a cell phone on the ground near Ms. Long's body, seemingly belonging to Ms. Long, and

collected it into evidence. Detective Sloan also found substantial evidence consistent with the allegations that (1) the Faires had been unlawfully residing at the Sourdough Rd property and (2) the Faires were responsible for Ms. Long's death. Thus, Detective Sloan then completed probable cause statements for the Faires and arrested them on charges of First-Degree Murder and First-Degree Assault.

Within twenty hours after the incident, Defendant Okanogan County Sheriff Frank Rogers ("Sheriff Rogers") reported to television news that (1) the Faires had moved into the Sourdough Rd property without Mr. Finegold's permission and (2) Mr. Finegold and his friends had instigated the confrontation, but that it escalated when Mr. Faire pulled out a gun, got into his vehicle, and ran Mr. Abrantes and Ms. Long over with his vehicle. Plaintiffs allege that Sheriff Rogers has never retracted or clarified these statements.

In the days following the incident, Detective Sloan received additional evidence supporting the Faires' allegations that they had permission from Mr. Finegold to reside at the property. Detective Sloan also learned that the phone he collected next to Ms. Long's body was actually Mr. Abrantes' phone, not Ms. Long's.

On June 23, 2015, pursuant to Okanogan County's "phone dump" procedure, Detective Sloan obtained a search warrant for Mr. Abrantes' phone and extracted the data, which he saved on his work laptop. Detective Sloan did not examine the data before contacting Defendant Prosecuting Attorney for Okanogan County Karl Sloan ("Prosecutor Sloan") on June 24, 2015 to request permission to return the phone to Mr. Abrantes. Prosecutor Sloan agreed, so—unbeknownst to Mr. Faire or his defense team—Detective Sloan returned Mr. Abrantes' phone. Detective Sloan also learned that Ms. Long's actual phone was in Ms. Long's husband's possession, so he requested the phone as evidence.

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 3**

On June 29, 2015, Detective Sloan interviewed Boyd McPherson—a day laborer who had accompanied the Faires on the day of the incident—after learning that he had witnessed the confrontation. Mr. McPherson told the detectives that he did not see Ms. Long's death, but he did see a woman with a phone who appeared to be taking video of the incident while it was happening.

On June 30, 2015, Detective Sloan received Ms. Long's phone—he then obtained both a search warrant and the phone's pass code. On July 14, 2015, Detective Sloan extracted the data from Ms. Long's phone and once again saved it on his work laptop without examining the data. But unlike with Mr. Abrantes' phone, Detective Sloan did not take any actions to return Ms. Long's phone to her husband.

On August 12, 2015—almost two months after he extracted the data from Mr. Abrantes' phone—Detective Sloan attempted for the first time to view the data he had extracted from Mr. Abrantes' and Ms. Long's phones. But while the data was being backed up, Detective Sloan's work laptop became infected with ransomware. Though Detective Sloan immediately called IT for help, neither he nor IT were able to recover any of the data from the Faire investigation. Though Detective Sloan still had Ms. Long's phone and the Faires' phones in his possession, he made no attempts to regain possession of Mr. Abrantes' phone or to notify the Faires' defense counsel about the data loss.

In March 2016, Ms. Brooks told the Faires' defense team and Detective Sloan that she had attempted to record the confrontation with Mr. Abrantes' phone but believed that she did not successfully take video. In his deposition, Mr. Abrantes did not indicate that Ms. Brooks took a video on his phone, but he also admitted to deleting content from his phone after receiving it back from Detective Sloan, including text messages to and from several of the individuals present during the confrontation.

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 4

In summer of 2017, Prosecutor Sloan resigned from his position and was replaced by Defendant Prosecuting Attorney for Okanogan County Branden Platter ("Prosecutor Platter"). On March 28, 2018, Detective Sloan told the Faires' defense team and Prosecutor Platter—apparently for the first time—about the lost data from the ransomware attack. Detective Sloan performed another data extraction on Ms. Long's phone as this phone but could not extract the original data on Mr. Abrantes' phone due to the deleted content.

On April 30, 2018, Mr. Faire's defense counsel filed a Motion to Dismiss in Okanogan Superior Court. On July 12, 2018, Judge Christopher Culp granted the motion and dismissed all remaining charges against Mr. Faire with prejudice. Specifically, Judge Culp found that—because Detective and Prosecutor Sloan arbitrarily decided to return Mr. Abrantes' phone without first consulting Mr. Faire's defense team, did not run an extraction report prior to returning the phone, did not attempt to remedy the loss of data from the ransomware attack, and did not report the loss of data until nearly three years later—this violated Mr. Faire's right to a fair trial and thus dismissal of the charges was necessary.

Prosecutor Platter initially appealed Judge Culp's dismissal. However, on July 9, 2019, Okanogan County voluntarily withdrew its appeal.

**Procedural History**

Plaintiffs filed their Complaint in the Western District of Washington on June 19, 2020. ECF No. 1. Plaintiffs alleged the following claims: (1) violations of their Fourth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (both individually and pursuant to a theory of *Monell* liability); (2) malicious prosecution; and (3) negligent law enforcement practices. Plaintiffs requested damages (compensatory, general, and punitive) and reasonable attorney's fees/costs. Defendants then filed a Motion and Memorandum of Authorities to Change Venue on August 3, 2020. ECF No. 16. Defendants argued that the Eastern District of Washington was the proper venue for Plaintiffs' claims because the

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 5

events forming the basis of Plaintiffs' claims occurred in the Eastern District and the majority of additional witnesses for the case would likely reside there. *Id.* Judge Thomas Zilly of the Western District of Washington granted the motion on September 3, 2020, and the case was transferred to this Court. ECF Nos. 28, 30.

Defendants Karl Sloan and Branden Platter ("the Prosecutor Defendants" or "Prosecutors Sloan and Platter") filed their Motion to Dismiss on January 22, 2021. ECF No. 35. Defendants Okanogan County, Kreg Sloan, and Frank Rogers ("the County Defendants") filed their Motion for Summary Judgment on January 25, 2021. ECF No. 36.

The Court heard argument on these motions by video on March 30, 2021 and took them under advisement. On May 5, 2021, the Court issued an order, denying the Prosecutor Defendants' Motion to Dismiss and the County Defendants' Motion for Summary Judgment Dismissal. ECF No. 66.

On June 2, 2021, the Prosecutor Defendants filed a Notice of Appeal pursuant to 28 U.S.C. § 1291 of the Court's denial of their Motion to Dismiss. ECF No. 69. On June 1 and June 4, 2021, respectively, the County Defendants filed the present motions for interlocutory appeal and a stay. ECF Nos. 67, 73. Jury trial in this case is set for January 31, 2022.

## County Defendants' Motion for Interlocutory Appeal

The County Defendants request that the Court certify its Order Denying the County Defendants' Motion for Summary Judgment Dismissal, ECF No. 36, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 67. For the reasons discussed below, the Court denies the motion.

## Legal Standard

28 U.S.C. § 1292(b) allows a party to seek an interlocutory appeal of a non-final order in a civil action. Seeking an interlocutory appeal under § 1292(b) requires a two-step process. First, the district court must certify, in writing, that the interlocutory order (1) involves a controlling issue of law; (2) the controlling issue

of law is one on which there is a substantial ground for different opinions; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Second, assuming the district court certifies the order for interlocutory appeal, the Court of Appeals then must decide (1) whether the district court properly concluded that the § 1292(b) requirements were met and (2) whether, at its discretion, it will exercise jurisdiction. *Id.*

The Ninth Circuit has stated that the § 1292(b) interlocutory appeal "should be used sparingly and with discrimination." *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595, 598 (9th Cir. 1964). Specifically, the Circuit has stated that it was meant to be used in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

When determining whether to certify an order for § 1292(b) interlocutory appeal, the Court must consider the efficiency concerns for both the district court and the Court of Appeals. *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b) . . . . [T]he benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case.").

Discussion

The County Defendants argue that the Court should grant them leave to pursue a § 1292(b) interlocutory appeal. Specifically, the County Defendants argue that (1) the question of whether Okanogan County is liable for the actions of Prosecutors Sloan and Platter is a controlling question of law; (2) there is a substantial ground for difference of opinion because other courts have held that a prosecutor acts on behalf of the state (not the county) when prosecuting state law; and (3) an interlocutory appeal will materially advance the litigation because if the

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND
MOTION TO STAY PROCEEDINGS # 7

Ninth Circuit decides that county prosecutors are state actors, Okanogan County will not be vicariously liable for Prosecutors Sloan and Platter. ECF No. 67 at 5-9.

In response, Plaintiffs argue that the County Defendants cannot satisfy the § 1292(b) factors for an interlocutory appeal. Plaintiffs maintain that (1) there is no controlling question of law because the County Defendants would still be subject to ongoing suit, even if the Ninth Circuit finds that Okanogan County is not vicariously liable for Prosecutors Sloan and Platter; (2) the County Defendants incorrectly characterized their cited case law and thus there is no substantial ground for difference of opinion; and (3) allowing the County Defendants to pursue this interlocutory appeal will not materially advance the litigation because, as stated above, the County Defendants will still be liable regardless of the resolution of the Eleventh Amendment immunity issue. ECF No. 75 at 6-7, 9.

The Court denies the motion for interlocutory appeal. For the first § 1292(b) factor, the County Defendants cannot show that the Court's order decided a controlling question of law. A controlling question of law is one that, if resolved on interlocutory appeal, would have a material impact on the outcome of the case in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Here, the County Defendants state that whether Okanogan County is liable for Prosecutors Sloan and Platter is a controlling question of law. ECF No. 67 at 4-6. However, the County Defendants—including Okanogan County—will still be subject to suit, even if the Ninth Circuit decides that Prosecutors Sloan and Platter were state actors and thus entitled to Eleventh Amendment immunity. Further, this Court denied the County Defendants' motion for summary judgment on the ground that "[t]here are too many genuine disputes of material fact for summary judgment to be appropriate at this time." ECF No. 66 at 15. Deciding that there are too many genuine disputes of material fact is definitionally not deciding a clear, controlling

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND
MOTION TO STAY PROCEEDINGS # 8

question of law. Thus, the County Defendants cannot satisfy the first factor for an interlocutory appeal.

The second factor for a § 1292(b) interlocutory appeal is that the question of law creates a substantial ground for difference of opinion. However, because there is no controlling question of law, the second factor is not implicated.

Finally, the third factor is that the § 1292(b) interlocutory appeal would materially advance the ultimate termination of the litigation. Here, if the Ninth Circuit exercised jurisdiction over this appeal, this would potentially remove one source of liability for Okanogan County. However, this would not terminate the litigation—in fact, it would not even terminate Okanogan County's involvement in the lawsuit. Instead, Plaintiffs could just proceed with their remaining federal and state law claims against all the County Defendants. Thus, the County Defendants cannot satisfy the third factor for an interlocutory appeal.

Therefore, because the County Defendants cannot meet the § 1292(b) factors, the Court denies the County Defendants' motion for interlocutory appeal.

**County Defendants' Motion to Stay**

The County Defendants request that the Court stay its proceedings pending the resolution of (1) the County Defendants' § 1292(b) interlocutory appeal, if they are granted leave to pursue it and (2) the Prosecutor Defendants' appeal that is already pending. ECF No. 73.

Legal Standard

The Court's power to stay proceedings in a case is inherent to its power to control the disposition of the cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether the Court grants a stay in a case is a matter of judicial discretion. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The party requesting the stay bears the burden of showing

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 9

that, given the particular circumstances of the case, the Court should exercise its discretion to grant a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

There are four factors for the Court to consider when deciding whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). The first two factors are the most important as the latter two are only reached "[o]nce an applicant satisfies the first two factors." *Id.* at 434-35.

Discussion

The County Defendants argue that the Court should stay the proceedings against them. The County Defendants argue that they can meet the four stay factors—specifically that (1) there is a strong likelihood that the Ninth Circuit will find that Okanogan County is not liable for Prosecutors Sloan and Platter; (2) they will be irreparably damaged if a stay is not granted because Okanogan County faces differing degrees of liability, depending on the Ninth Circuit's decision; (3) a stay will not substantially injure Plaintiffs; and (4) a stay is not against public interest. ECF No. 73 at 4, 8-9, 10-11.

In response, Plaintiffs argue that the Court should not stay the proceedings. Plaintiffs argue that (1) the County Defendants incorrectly characterize Washington caselaw when asserting that the Ninth Circuit is likely to conclude that Prosecutors Sloan and Platter were state actors; (2) the County Defendants will not suffer irreparable harm in the absence of a stay because Okanogan County will still face both direct and vicarious liability; (3) Plaintiffs will be substantially injured by a stay because they are already paying significant emotional and financial costs

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 10**

by continuing to litigate this action; and (4) the public interest is unaffected by a stay (or lack thereof) because the County Defendants will still be responsible for defending against Plaintiffs' remaining claims. ECF No. 80 at 2-6, 7, 8.

The Court denies the County Defendants' motion for a stay. The County Defendants are asking the Court to stay proceedings pending the resolution of both their § 1292(b) interlocutory appeal and the Prosecutor Defendants' appeal as of right. But because the Court is denying the County Defendants' motion for interlocutory appeal, the Court will only address the request for a stay as it pertains to the Prosecutor Defendants' appeal.

For the first stay factor, both the County Defendants and Plaintiffs cite federal and Washington caselaw to support their respective predictions on how the Ninth Circuit will rule on the Prosecutor Defendants' appeal. But ultimately, the question of whether the Prosecutor Defendants were state actors or county actors is one that is unsettled. Thus, this is insufficient to satisfy the first stay factor's requirement of a showing of strong likelihood of success on the merits.

The second and third stay factors require a comparison of the harm the County Defendants will face and the harm that Plaintiffs will face. Because the County Defendants are requesting a stay, their harm must outweigh Plaintiffs' harm. This burden is not met. If the Court does not stay the proceedings and the Ninth Circuit ultimately holds that Okanogan County is not liable for Prosecutors Sloan and Platter, then the Court would just dismiss that one claim against Okanogan County. However, the County Defendants would still face remaining liability for Plaintiffs' other state and federal claims against them. Thus, what is at stake for the County Defendants in this appeal is a change in *one* aspect of *one* defendant's liability—this does not rise to the level of irreparable harm.

The first and second stay factors weigh the most heavily, while the third and fourth need only be considered when a stay applicant satisfies the first two factors.

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 11**

*Nken*, 556 U.S. at 434–35. Thus, because the County Defendants cannot satisfy the first two factors, the Court denies the motion for a stay.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Okanogan County, Kreg Sloan, and Frank Rogers Motion for an Order Pursuant to 28 U.S.C. §1292(b) Granting Permission to Appeal, ECF No. 67, is **DENIED**.

2. Defendants Okanogan County, Kreg Sloan, and Frank Rogers Motion to Stay Proceedings Pending Appeal, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 2nd day of August 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PROCEEDINGS # 12**